Plaintiff-appellant State of Ohio appeals the December 17, 1997 Decision of the Licking County Court of Common Pleas which found R.C. 2950.09(C)(2) unconstitutional as applied to defendant-appellee Paul D. Tracy.
 STATEMENT OF THE CASE
Appellee was convicted of gross sexual imposition and sentenced thereon in 1996.
R.C. Chapter 2950, effective January 1, 1997, creates certain registration and notification requirements for an individual determined to be a sexually oriented offender. The statute provides for retroactive application. See, R.C. 2950.09(C)(1).
Via Judgment Entry filed December 17, 1997, the trial court made a factual finding appellee was a sexual predator.[1] Despite this finding, in its Decision filed that same day, the trial court found the community notification provision contained in R.C. 2950.09(C)(2) violates Section 28, Article II of the Ohio Constitution (the Retroactivity Clause) and held the Department of Rehabilitation and Corrections ". . . shall be prohibited from placing such classification [of appellee as a sexual predator] in [appellee's] institutional record" and respectfully declined to attach the determination (classification) to appellee's sentence.[2] It is from this finding in the trial court's December 17, 1997 Decision appellant prosecutes this appeal, assigning as error:
 THE TRIAL COURT ERRED IN RULING THAT REVISED CODE SECTION 2950.09 WAS UNCONSTITUTIONAL AS BEING A RETROACTIVE LAW IN VIOLATION OF THE OHIO CONSTITUTION.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court stated ". . . the notification provisions of R.C. Chapter 2950 do not violate the prohibition in Section 28, Article II against retroactive laws." Id. at 414. Based upon the authority of Cook, we sustain appellant's sole assignment of error.
The decision of the Licking County Court of Common Pleas is affirmed in part and reversed in part.
By: Hoffman, J., Wise, P.J. and Farmer, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reason stated in our accompanying Memorandum-Opinion, the December 17, 1997 Decision of the Licking County Court of Common Pleas is affirmed in part, reversed in part and remanded to the trial court for further proceedings in accordance with our opinion. Costs assessed to appellee.
--------------------
--------------------
 -------------------- JUDGES
[1] Appellee has not appealed this determination.
[2] The trial court found the registration portion of R.C. Chapter 2950 to be constitutional.